UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARBARA R. SPRINGS,

                          Plaintiff,

        -against-

BOARD OF EDUCATION, CITY SCHOOL
PRINCIPAL, MR. BRETT GUSTAFSON,

                         Defendants.

10 Civ. 01243 (RJH)

**MEMORANDUM OPINION AND ORDER**

---

Richard J. Holwell, District Judge:

      Before the Court are plaintiff Barbara R. Springs's, proceeding *pro se* and *in forma pauperis*, Application for the Court to Request Counsel **[12]**, and defendants New York City Board of Education and Brett Gustafson's Motion to Dismiss **[10]**, on plaintiff's claims of employment discrimination, retaliation, and hostile work environment. Because all of plaintiff's claims are time barred, defendants' motion is GRANTED in its entirety and plaintiff's motion is DENIED.

### I. FACTUAL SETTING

      The following facts are relevant to this opinion. Beginning in either late 2004 or early 2005 plaintiff was employed at P.S. 2 as a school aide. (Stein Decl. Ex. F.) On June 20, 2006, plaintiff was fired for alleged ongoing performance and judgment problems. (*Id.*) On June 9, 2009, plaintiff filed a charge with the New York State Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC") alleging race, color, and national origin discrimination and retaliation. (Stein

Decl. Ex. B.) The EEOC dismissed the charge and issued plaintiff a right to sue letter on October 13, 2009, because it found plaintiff's claims time barred. (Stein Decl. Ex. C.) On February 17, 2010, plaintiff brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12112 *et seq.* ("ADA"), the New York State Human Rights Laws, N.Y. Exec. Law. §§ 290 *et seq.* ("NYSHRL") and the New York City Human Rights Laws, N.Y. City Admin. Code §§ 8-101 *et seq.* ("NYCHRL") alleging race, national origin, and disability discrimination, retaliation, and hostile work environment. (Compl. at 1-3.) On July 14, 2010 defendants filed a motion to dismiss arguing *inter alia* that plaintiff's claims were time barred. (Def.'s Mem. at 4, 7-8.) Finally, on August 11, 2010, plaintiff filed an Application for the Court to Request Counsel. (Pl.'s Mem. at 1.) Plaintiff requested counsel because her case involved "numerous lies and f[al]se [a]ccusations, which require legal intervention." (*Id*.)[1]

## II.  DISCUSSION

**A.  Standard of Review**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d

---

[1] "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The threshold question is "whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). However, "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). If the claim has sufficient merit, the court will then "consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." *Id*. Because by this opinion the Court dismisses this case, the Court likewise dismisses plaintiff's application for counsel.

677, 692 (2d Cir. 2009). The complaint's allegations, however, "must be enough to raise a right of relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Only a "plausible claim for relief survives a motion to dismiss." *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 476 (2d Cir. 2009). Thus courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (internal quotation marks omitted).

**B. Plaintiff's Claims are Barred by the Statute of Limitations**

"Under Title VII, before bringing a claim in federal court, a New York plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory act." *Sims v. City of New York*, 2010 WL 3825720, at *6 (S.D.N.Y. Sept. 30, 2010); *see* 42 U.S.C. § 2000e-5(e)(1). Likewise, in New York "ADA employment claims must be filed with the [EEOC] within 300 days of their accrual." *Cutler v. City of New York*, 2010 WL 3469474, at *5 (S.D.N.Y. Aug. 16, 2010); *see* 42 U.S.C. § 12117(a). If a plaintiff does not file her claims in a timely manner, those claims are barred. *Sims*, 2010 WL 3825720, at *6. For claims of discrimination or retaliation, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the . . . 300-day time period after the discrete discriminatory act occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Because hostile work environment claims are composed of a series of several acts, if any "act contributing to the claim occurs within the filing period," then the claim is timely. *Morgan*, 526 U.S. at

117.  Plaintiff's NYSHRL claims are governed by a one-year statute of limitations.  N.Y. Educ. Law § 3813(a), (2-b); *Amorosi v. South Colonie Indep. Cent. Sch. Dist.*, 880 N.E.2d 6, 7 (N.Y. 2007) ("[T]he clear and unambiguous language of Education Law § 3813(2-b) provides that the statute of limitations on [] a claim [for illegal workplace discrimination against a school district] is one year.").[2]  Plaintiff's NYCHRL claims are likewise governed by a one-year statute of limitations.  *Fierro v. City of New York*, 591 F. Supp. 2d 431, 446-47 (S.D.N.Y. 2008) ("Plaintiff's [NY]CHRL claims against the DOE—an entity listed in section 3813(1)—are dismissed as time-barred pursuant to section 3813(2-b) to the extent they accrued prior to [one year before plaintiff's filing suit]."),[3] *rev'd on other grounds*, 341 Fed. Appx. 696 (2d. Cir 2009).

*Pro se* plaintiffs might not have the legal ken of attorneys.  But, "as the Supreme Court has noted, the length of a limitation period for instituting suit in federal court 'inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones.'"  *Carey v. Int'l Bhd. Of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 47 (2d Cir. 1999) (quoting *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463-64 (1975)).  Indeed, "statutes of limitation 'are not to be disregarded by courts out of a vague sympathy for particular litigants.'"  *Id.* (quoting *Baldwin Cnty. Welcome Ctr. V. Brown*, 466 U.S. 147, 152 (1984)).  And "strict adherence to limitation periods 'is the

---

[2] *Amorosi* dealt with NYSHRL discrimination claims against a school district.  Plaintiff's claims are brought against a Board of Education and a school principal.  (Compl. at 1.)  The statute of limitations and the analysis is the same.  § 3813(2-b) sets the statute of limitations at one year for any action "commenced against any entity in subdivision one.  N.Y. Educ. Law § 3813(2-b). § 1 protects "any school district, *board of education*, board of cooperative educational services, school provided for in article eighty-five of this chapter or chapter ten hundred sixty of the laws of nineteen hundred seventy-four *or any officer* of a school district, board of education, board of cooperative educational services, or school."  N.Y. Educ. Law § 3813(1) (emphasis added).
[3] *See supra*, note 2.

best guarantee of evenhanded administration of the law.'"  *Id.*  (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

Plaintiff here was terminated on June 20, 2006.  (Stein Decl. Ex. F.)  Her termination represents the final allegedly discriminatory act and necessarily the final date defendants could have subjected her to a hostile work environment.  She filed her complaint with the New York State Department of Human Rights and the EEOC on June 9, 2009.  (Stein Decl. Ex. B.)  Because 300 days from June 20, 2006 was April 16, 2007, plaintiff's Title VII and ADA claims were untimely filed with the EEOC.  Therefore plaintiff's Title VII and ADA claims are barred.  *See Sims*, 2010 WL 3825720, at *6.  Because one year from June 20, 2006 was June 20, 2007, plaintiff's NYSHRL and NYCHRL claims were untimely filed with the EEOC.  Therefore plaintiff's NYSHRL and NYCHRL claims are barred.  *See Amorosi*, 880 N.E.2d at 7; *Fierro*, 591 F. Supp. 2d at 446-47.

## C. Equitable Tolling

Though plaintiff does not expressly make an argument for it, a court may equitably toll a statute of limitations in certain very limited situations.  *Morgan*, 526 U.S. at 113.  "There are three general instances in which equitable tolling is appropriate, (1) a plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant; (2) a plaintiff actively pursued judicial remedies by filing defective pleadings during the statutory period; or (3) extraordinary circumstances have prevented the employee from exercising his or her right."  *Robinson v. Brooklyn College*, 2010 WL 3924012, at *4 (E.D.N.Y. Sept. 29, 2010) (internal quotation marks omitted).  Mental

illness can constitute extraordinary circumstances in employment discrimination cases. *Brown v. Parkchester South Condominiums*, 287 F.3d 58, 60 (2d Cir. 2002). However, "mental illness does not toll a filing deadline *per se*; determining whether equitable tolling is warranted in a given situation is a highly case-specific inquiry. The burden of demonstrating the appropriateness of equitable tolling for mental illness lies with the plaintiff; in order to carry this burden, she must offer a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010).

      Plaintiff here offers numerous letters from herself to the Court regarding her case. Plaintiff also provides the Court with a letter from her therapist and a letter from her hospital's Supportive Case Manager detailing her depression and anxiety disorders, including Major Depressive Disorder, and explaining that she sees her psychiatrist monthly and her therapist weekly. (Def.'s Opp. (dkt. no. **[13]** attach. 1) at 18, 20.) While extremely serious depression causing suicidal tendencies and requiring institutionalization, can be considered regarding the extraordinary circumstance of mental illness, see *Bolarinwa*, 593 F.3d at 228, plaintiff's situation here fails to suffice. None of the letters claim plaintiff is or was suicidal, and though plaintiff was institutionalized, that institutionalization lasted only one month, from November 20, 2006 to December 21, 2006. (Stein. Decl. Ex. A at 20.) Indeed, the Second Circuit has found allegations of depression and anxiety, without particularized showings of how those conditions prevented a pursuit of legal rights, too vague to support a finding of extraordinary circumstances that would warrant equitable tolling. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000); *see also Gannon v. Continuum Health Partners, Inc.*, 2007 WL 2040579,

at *5 (S.D.N.Y. July 12, 2007); *Hakim v. Hall*, 2009 WL 5910310, at *4 (S.D.N.Y. Oct. 23, 2009), *report and recommendation adopted by* No. 09-cv-860 (S.D.N.Y. Feb. 19, 2010) ("[Reports of Major Depressive Disorder] in no way indicate that [p]laintiff [] was so mentally incapacitated that she was unable to appreciate or pursue her legal rights."). Moreover, the same series of letters attests to plaintiff's consistent attendance. (Def.'s Opp. (dkt. no. [13] attach. 1) at 22.). And in plaintiff's counseled arbitration in late 2008 plaintiff explained that she participated in work placement programs and went on several job applications. (Stein Decl. Ex. G at 11.) Considering that plaintiff's disorders were not so severe as to preclude her from seeking new employment or otherwise managing her life, and that neither plaintiff nor any personnel treating her have demonstrated how her disorders prevented her pursuing her rights, plaintiff cannot invoke the doctrine of equitable tolling and thereby prevent her claims from being time barred.

### III. CONCLUSION

For the reasons stated above, defendants' Motion to Dismiss [10] is GRANTED in its entirety. Because this opinion disposes of this case, plaintiff's Application for the Court to Request Counsel [12] is DENIED. The Clerk of the Court is directed to close these motions and close this case.

SO ORDERED

Dated: New York, New York
October 1**9**, 2010

_____
Richard J. Holwell
United States District Judge